IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01711-PAB

AHMED IBRAHIM ABDELSTAR AHMED ELSAYED,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the
Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S.
Immigration & Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of
Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration & Customs
Enforcement, and
TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department
of Justice.

      Respondents.

---

**ORDER**

---

This matter comes before the Court on Ahmed Ibrahim Abdelstar Ahmed
Elsayed's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
[Docket No. 1] and Motion for Temporary Restraining Order and/or Preliminary
Injunction [Docket No. 2].  Respondents filed a response.  Docket No. 10.  Petitioner
filed a reply.  Docket No. 11

## I.    BACKGROUND[1]

Petitioner is a citizen and native of Egypt who unlawfully entered the United States in August 2024.  Docket No. 1 at 7, ¶ 23; Docket No. 10-1 at 2, ¶ 4.  Approximately two months after his unlawful entry into the United States, petitioner established a credible fear of persecution during a credible fear interview and was placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  Docket No. 1 at 7-8, ¶ 24; Docket No. 10-1 at 3, ¶¶ 11-12.

On June 25, 2025, an immigration judge granted petitioner withholding of removal pursuant to 8 U.S.C. § 1241(b)(3).  Docket No. 1 at 8, ¶ 25; Docket No. 10-1 at 3-4, ¶ 16.  The immigration judge also denied petitioner's application for asylum and ordered him removed to Egypt.  Docket No. 10-1 at 3-4, ¶ 16.  Thus, petitioner's order of removal became final on June 25, 2025.  Docket No. 1 at 8, ¶ 25; Docket No. 10-1 at 3-4, ¶ 16.

On November 17, 2025, Immigration and Customs Enforcement ("ICE") served petitioner with an I-229(a) form, Warning for Failure to Depart, notifying petitioner that he was subject to a final order of removal and the consequences of taking any action to prevent his removal.  Docket No. 10-1 a 4, ¶ 19.  ICE also served petitioner with a Notice of File Custody Review, advising petitioner that ICE would review his custody status and potential for release on an order of supervision.  *Id.*  On November 18, 2025, ICE conducted a Post Order Custody Review ("POCR") pursuant to 8 C.F.R. § 241.4 and determined that petitioner did not satisfy the criteria for release.  *Id.*, ¶ 20.  On December 9, 2025, ICE conducted a personal interview with petitioner where he was

---

[1] The following facts are undisputed unless otherwise noted.

given the opportunity to make a statement and provide documentation relevant to his custody review. *Id.*, ¶ 21; Docket No. 1 at 8, ¶ 26. On December 29, 2025, ICE conducted a POCR and determined that it would continue to detain petitioner. Docket No. 1 at 8, ¶ 28; Docket No. 10-1 at 5, ¶ 22. On March 23, 2026, ICE conducted another POCR and determined that it would continue to detain petitioner. Docket No. 10-1 at 5, ¶ 24. Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado. Docket No. 1 at 2, ¶ 1; Docket No. 10-1 at 5, ¶ 26.

On April 22, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Docket No. 1. Petitioner brings a claim for violation of 8 U.S.C. § 1231 (Count One) and for violation of his Fifth Amendment right to due process (Counts Two, Three, and Four). *Id.* at 12-15. Among other forms of relief, petitioner requests that the Court order his immediate release. *See id.* at 15-16.

## II.    ANALYSIS

In his petition, petitioner alleges that respondents have violated his due process rights under the Fifth Amendment pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See generally id.* In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution. *See Zadvydas*, 533 U.S. at 701. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* This standard does not require petitioner to "show the absence of *any*

3

prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702.  Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future.  *Id.* at 701.

Respondents concede that petitioner has been detained since June 25, 2025 – the date that petitioner's removal order became final – which is longer than the six-month presumptively reasonable period.  *See* Docket No. 10-1 at 3-4, 5, ¶¶ 16, 26. Therefore, the Court turns to whether petitioner has met his burden under *Zadvydas*. Respondents argue that petitioner has not met his burden because "DHS and the Department of State are working in coordination to select a third country for removal and negotiate an agreement for Petitioner's removal to a third country."  *See* Docket No. 10 at 7.

Petitioner's removal order has been administratively final since June 25, 2025. *See* Docket No. 10-1 at 3-4, ¶ 16.  For ten months, respondents have been unable to effect petitioner's removal and there is no indication that respondents have made any attempts to remove petitioner to a third country.  Respondents have not identified any third countries where petitioner's removal would be possible.  Furthermore, petitioner cannot be removed to Egypt because the immigration judge granted petitioner's withholding of removal.  *See id*.  Respondents concede that they "do not have additional information to present to the Court concerning their efforts to remove Petitioner to a third country."  Docket No. 10 at 7.  Accordingly, the Court finds that petitioner has satisfied his burden under *Zadvydas.  See Ahrach v. Baltazar,* No. 25-cv-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met her burden where petitioner had been detained for over six months and the only efforts respondents

4

had made to remove petitioner was to solicit acceptances from other countries); *Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at \*5 (D. Colo. Dec. 8, 2025) ("Because Petitioner has been granted withholding of removal to his only country of citizenship and there are no other countries currently identified that would accept him, Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") (internal quotation and citation omitted); *Vargas v. Noem,* 2025 WL 2770679, at \*2 (D. Kan. Sept. 29, 2025) ("The Court concludes that petitioner has met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future.  Petitioner has now been detained for nearly nine months since his removal order became final on January 4, 2025, well beyond the six-month period sanctioned by the Supreme Court in *Zadvydas*, and officials have still not been able to remove him or even to schedule his removal."); *Salazar-Martinez v. Lyons*, 2025 WL 3204807, at \*2 (D.N.M. Nov. 17, 2025) (finding that petitioner met her burden where petitioner had been detained for seven months, an immigration judge had granted petitioner's withholding of removal to the country of her citizenship, and ICE failed to identify a country that has agreed to accept petitioner).

Turning to respondents' burden under *Zadvydas*, respondents' contention that they are "working . . .  to select a third country for removal" is an unsubstantiated assertion that is insufficient to satisfy their burden.  *See* Docket No. 10 at 7; *Aguilar*, 2025 WL 3514282, at \*6 ("Respondents' bare assertions that ICE is pursuing third country removal options are insufficient to meet Respondents' burden to put forth evidence sufficient to rebut Petitioner's showing") (internal quotation, citation, and alteration omitted); *Chennah v. Baltazar,* No. 26-cv-00112-CNS, 2026 WL 179951, at \*3

(D. Colo. Jan. 23, 2026) ("Numerous courts have persuasively rejected . . . equivocated, conclusory justifications for continued detention, and based on the current record the Court joins them in rejecting Respondents' infirm justification for Petitioner's continued detention here."); *Gonzalez Gutierrez v. Carter*,811 F. Supp. 3d 1283, 1287 (D. Kan. 2025) ("respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials have failed in their undescribed 'attempts' to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries . . . petitioner will nonetheless be removed to a third country in the reasonably foreseeable future"). Accordingly, respondents fail to rebut petitioner's showing as to the likelihood of his removal.

Respondents state that, "[i]f the Court so orders, Respondents will submit a status report within thirty days concerning the status of their efforts to remove Petitioner." Docket No. 10 at 7. Because "respondents provide no reason to believe [petitioner's] removal would be any closer in another thirty days," the Court will deny that request. *See Ahrach*, 2025 WL 3227529, at *5. The Court finds that respondents have detained petitioner in violation of the Fifth Amendment and 8 U.S.C § 1231(a) and will order that petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3).[2]

---

[2] The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado. A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3. *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . . The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed."). Petitioner further requests that the Court enjoin respondents from re-detaining petitioner without complying with 8 C.F.R.

### III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Ahmed Ibrahim Abdelstar Ahmed Elsayed's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that petitioner Ahmed Ibrahim Abdelstar Ahmed Elsayed's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that respondents shall release Ahmed Ibrahim Abdelstar Ahmed Elsayed from custody within **72 hours**.  It is further

**ORDERED** that the parties shall file a status report within 48 hours of petitioner's release.

DATED May 7, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

§§ 241.13(i)(2), 241.4(l)(1) and from removing petitioner to a third country without providing him notice and a reasonable opportunity to respond.  *See* Docket No. 1 at 15. The Court will not grant this relief because a "petition for writ of habeas corpus is only available to challenge the fact or duration of confinement."  *Basri v. Barr*, 469 F. Supp. 3d 1063, 1066 (D. Colo. 2020); *see also Rios v. Noem*, 2025 WL 3141207, at *4 (S.D. Cal. Nov. 10, 2025) ("The habeas statute, 28 U.S.C. § 2241, grants federal courts the power to enforce the right of personal liberty by granting release or order of bond hearing, but does not create other injunctive powers in the federal courts.").