IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01711-PAB

AHMED IBRAHIM ABDELSTAR AHMED ELSAYED,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the
Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S.
Immigration & Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of
Homeland Security,
DAVID VENTURELLA, in his official capacity as Acting Director of Immigration &
Customs Enforcement,[1] and
TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department
of Justice,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner-Plaintiff's Emergency Motion to

Enforce Order Granting Habeas Corpus Petition and to Compel Immediate Release

[Docket No. 18] and Petitioner's Motion for Temporary Restraining Order [Docket No.

19].  Respondents filed a response.  Docket No. 22.

---

[1] David Venturella is substituted as party for Todd Lyons pursuant to Fed. R. Civ.
P. 25(d).

I.    **BACKGROUND**[2]

Petitioner is a citizen and native of Egypt who unlawfully entered the United States in August 2024.  Docket No. 1 at 7, ¶ 23; Docket No. 10-1 at 2, ¶ 4. Approximately two months after his unlawful entry into the United States, petitioner established a credible fear of persecution during a credible fear interview and was placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  Docket No. 1 at 7-8, ¶ 24; Docket No. 10-1 at 3, ¶¶ 11-12.

On June 25, 2025, an immigration judge granted petitioner withholding of removal pursuant to 8 U.S.C. § 1241(b)(3).  Docket No. 1 at 8, ¶ 25; Docket No. 10-1 at 3-4, ¶ 16.  The immigration judge also denied petitioner's application for asylum and ordered him removed to Egypt.  Docket No. 10-1 at 3-4, ¶ 16.  Thus, petitioner's order of removal became final on June 25, 2025.  Docket No. 1 at 8, ¶ 25; Docket No. 10-1 at 3-4, ¶ 16.

On November 17, 2025, Immigration and Customs Enforcement ("ICE") served petitioner with an I-229(a) form, Warning for Failure to Depart, notifying petitioner that he was subject to a final order of removal and the consequences of taking any action to prevent his removal.  Docket No. 10-1 a 4, ¶ 19.  ICE also served petitioner with a Notice of File Custody Review, advising petitioner that ICE would review his custody status and potential for release on an order of supervision.  *Id.*  On November 18, 2025, ICE conducted a Post Order Custody Review ("POCR") pursuant to 8 C.F.R. § 241.4 and determined that petitioner did not satisfy the criteria for release.  *Id.*, ¶ 20.  On December 9, 2025, ICE conducted a personal interview with petitioner where he was

---

[2] The following facts are undisputed unless otherwise noted.

given the opportunity to make a statement and provide documentation relevant to his custody review.  *Id.*, ¶ 21; Docket No. 1 at 8, ¶ 26.  On December 29, 2025, ICE conducted a POCR and determined that it would continue to detain petitioner.  Docket No. 1 at 8, ¶ 28; Docket No. 10-1 at 5, ¶ 22.  On March 23, 2026, ICE conducted another POCR and determined that it would continue to detain petitioner.  Docket No. 10-1 at 5, ¶ 24.

On April 22, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  *See* Docket No. 1.  On May 7, 2026, the Court granted the petition, finding that respondents had failed to rebut petitioner's showing that his removal was not significantly likely in the reasonably foreseeable future.  *See* Docket No. 12 at 4-6.  The Court found that respondents had detained petitioner in violation of the Fifth Amendment of the United States Constitution and ordered petitioner's immediate release.  *Id.* at 6-7.  On May 11, 2026, the parties filed a status report stating that petitioner was released from custody.  Docket No. 13 at 1.

On June 17, 2026, petitioner filed a motion to enforce the Court's May 11 Order, seeking his "immediate release and return to supervision under the terms of his Order of Supervision and enjoin Respondents from [r]e-detaining him without first providing Mr. Elsayed, his counsel, and this Court with notice of re-detention and an opportunity to be heard."  Docket No. 18 at 7.  Petitioner also moves for a temporary restraining order "stay[ing] his imminent removal to any third country by issuing a temporary restraining order allowing him time to raise a fear claim and have that fear claim fully adjudicated."  Docket No. 19 at 1.  Petitioner attaches to his motion the declaration of his counsel, Jodi Ziesemer.  *See* Docket No. 18-1.  Ms. Ziesemer states that, on June 4, 2026, petitioner

attended a check-in appointment with ICE. *Id.* at 3, ¶ 3. Petitioner was re-detained by ICE at this appointment. *Id.*, ¶ 5. Ms. Ziesemer verified that petitioner was in ICE custody but was unable to find "a location or contact information for where he was being held." *Id.*, ¶ 6. Ms. Ziesemer contacted respondents, who confirmed that petitioner was being held at the Alexandria Staging Facility in Louisiana. *Id.*, ¶ 7. While Ms. Ziesemer reached out "through various channels to schedule a legal visit with the Alexandria Staging Center," she "never received any confirmation that Mr. Elsayed was held there and . . . was not able to communicate with him." *Id.* at 4, ¶ 8. The online ICE "detainee locator never listed Mr. Elsay[e]d's detention location as Alexandria Staging Center during the various times [counsel] checked from June 10-15." *Id.* On June 15, 2026, Ms. Ziesemer received a call from petitioner confirming that he had been transferred to Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. *Id.*, ¶ 9.

## II. ANALYSIS

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, petitioner challenges his physical confinement in Louisiana and therefore must file his habeas petition there. *See* Docket No. 18-1 at 4, ¶ 9. While it is true that "jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner," *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (unpublished) (internal quotations and citation omitted), petitioner was not transferred out of the district during these proceedings. Only after the Court ordered petitioner released, entered final judgment, and closed this case did the

4

circumstances leading to petitioner's re-detention arise. *See* Docket Nos. 12, 15. Accordingly, the Court finds that petitioner must file a new habeas petition in the district where he is confined. *See Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2026 WL 456722, at *4 (D. Colo. Feb. 18, 2026) (finding that petitioner had to file her petition in the "district where she is confined" given petitioner was "detained in this District and properly filed her Habeas Petition in this Court" but "was not transferred to a facility outside of this District while her Habeas Petition was pending").

Regarding petitioner's challenge to the process by which he is removed to a third country and his motion for a temporary restraining order, the Court finds that these matters are properly raised in the district in which he is currently detained. Accordingly, the Court will deny petitioner's motion for a temporary restraining order without prejudice.

## III.    CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Emergency Motion to Enforce Order Granting Habeas Corpus Petition and to Compel Immediate Release [Docket No. 18] is **DENIED**. It is further

**ORDERED** that Petitioner's Motion for Temporary Restraining Order [Docket No. 19] is **DENIED without prejudice**.

DATED June 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

5